George F. Trevette and Frank R. Swift, copartners as Trevette & Swift, vs. Commercial Loan and Building Association.

1. ESTOPPEL—*Mechanic's Liens—Priorities Under Different Contracts.*—A building association loaned to the owner of premises, money secured by bond and trust deed to be used in the erection of a building thereon to be paid by the association in installments, to the contractor, as the building progressed. Relying upon the truth of written statements signed by the contractor, accompanied by architect's certificates as to the amounts yet to become due him upon his contract, the association paid the money out accordingly. The contractor, without the knowledge of the association, entered into another contract with the owner of the premises for additional work and did some extras upon the building, concerning which nothing was shown by his statements. It

was held that by his conduct in presenting such statements to the association he was estopped from claiming a lien prior to that of the association upon the said premises, as they would have been under the original contract without the extras and additional work. But upon such extras and additional work he was entitled to a prior lien.

**Bill for Foreclosure and Cross-Bill for a Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded with directions. Opinion filed June 3, 1895.

## STATEMENT OF THE CASE.

I. B. Miller and H. J. Miller, on March 22, 1893, executed their bond and trust deed (recorded March 27, 1893), to secure a loan of $15,000 from the Commercial Loan and Building Association, upon premises described in the bill of complaint, for the purpose of thereon erecting a building. They subsequently made default in the performance of the conditions of said bond. A bill to foreclose said trust deed was filed by appellee in the Circuit Court of Cook County on November 15, 1893, in which bill the obligors in said bond were made parties defendant, as were also George F. Trevette and Frank R. Swift, appellants herein, and various other parties whose names were shown of record as having filed mechanic's liens against said premises.

Answer to said bill was filed by appellants herein, and also a cross-bill, in which it is alleged that by reason of a certain contract for furnishing labor and materials upon said premises, entered into between said appellants and the said Millers on April 12, 1893, and for the furnishing of certain extra work upon said premises, said appellants are entitled to a mechanic's lien upon said premises in the amount of $1,738, and that said lien is superior to the lien of appellee under the aforesaid bond and trust deed.

On behalf of appellants it is asserted that they are entitled to a mechanic's lien by reason of a contract entered into between them and the owners of the premises on or about April 12, 1893, for additional improvements of the value of $1,600, and for extra work furnished before June

658    APPELLATE COURTS OF ILLINOIS.

VOL. 58.]    Trevette v. Commercial Loan and Bldg. Ass'n.

10, 1893 (at which time appellants claimed to have completed all their work in said premises), and that said contract creates a first and prior lien on said premises. Appellee contends that the deed of trust in its favor, recorded on the twenty-seventh day of March, A. D. 1893, to secure a loan of $15,000, moneys to be advanced (and actually paid out) for the erection of said improvements as the same progressed, created a first and prior lien on said premises in favor of said appellee; that said appellants had notice of the existence of said mortgage lien; and said appellants had a contract with the owners of the premises for carpenter work upon the building in question for the sum of $8,000, of which they apprised appellee on six different occasions, by presenting architect's certificates for the payment of moneys out of said loan, signed by the owners of the said premises and the architect, in each of which certificates the total amount of the contract of said Trevette & Swift was stated at $8,000, and by the last of which it appeared that the entire sum of their contract was paid and nothing remained due and owing to the appellants; and that relying upon the truth of the statements contained in said certificates so presented to appellee by appellants, the appellee paid to them the amounts of said certificates out of the moneys arising from said mortgage loan.

Appellee further contends that according to the allegations of said appellants and the testimony, an additional contract of $1,600 for additional work, and one for $138 for extras had been entered into between them (Trevette & Swift) and the owners of the building, without the knowledge of appellee, at a date earlier than the presentation of any or either of said six orders for money (excepting the first of them), and that the amounts of said additional contract and extras did not appear on said orders or certificates. It is contended, therefore, by appellee, that by the action of said appellants in presenting said orders or architect's certificates, in which the amounts of their contracts and claims against said premises and of the balance due and owing to them from time to time were falsely stated, said

appellants have estopped themselves, so far as the interests of said appellee are concerned, from claiming any amounts as due and owing to them upon the said premises other than the sum of $8,000, set out in the architect's certificates presented by them to appellee, and upon which they received moneys from it, and that they are estopped by their conduct in this matter from claiming any lien on said premises superior to the lien of appellee.

The testimony introduced before the master in chancery to whom the cause was referred shows that the Commercial Loan and Building Association loaned to Miller the money, to secure which the trust deed was given, and that the money was to be expended under the supervision of its trustee and attorney during the progress of the building, upon proper vouchers; that appellee required Miller to furnish lists of all moneys due and to become due until completion of the work, and that two such lists were furnished for his guidance on, respectively, April 1, 1893, and May 17, 1893. Guided by these lists, the trustee O K'd the architect's certificates and owner's orders for money upon the association thereon, to the various contractors upon said building, among others, Trevette & Swift, relying upon the truthfulness of the representations contained in the certificates so presented by said contractors to him and to the association.

Trevette & Swift presented a certificate signed by the architect, and marked correct and signed by the owner, dated April 1, 1893, for $2,000, on account of their work as contractors for the carpenter work and joiner work, showing the total amount of their contract to be $8,000, extra work nothing, total amount of certificates issued, $5,500, and a balance due to them of $2,500.

Thereupon the trustee O K'd the certificate and the association paid it.

Later, appellants presented and received the money in like manner under other certificates bearing date April 15, 1893, May 2, 1893, and May 16, 1893, May 26, 1893, and June 16, 1893.

660　　Appellate Courts of Illinois.

Vol. 58.]　　Trevette v. Commercial Loan and Bldg. Ass'n.

In all of these certificates signed by the architect and owner and presented to the mortgagee and its agent, the trustee, by Trevette & Swift, the amount of the contract for carpentry and joiner work is named as $8,000, extra work nothing, the deductions of the total amount of certificates issued from the contract agreeing with the amount as shown by the preceding certificates, and in the last certificate introduced in evidence showing that the contract price was $8,000, the total amount issued was $8,000, and the balance due was nothing, being the certificate under date of June 16, 1893, upon which $100 was paid to Trevette & Swift, the receipt of which they acknowledged by their signatures upon said certificates.

Trevette & Swift introduced in evidence a contract in writing with the owners for the finishing of the third story of a three-story apartment building for $1,600, being dated April 12, 1893. The extra work for $138 is claimed was all performed during the beginning of June; the memorandum for it was dated about June 1, 1893.

Ewing, Winchester & Craig, attorneys for appellants.

It is contended that there are two sufficient reasons why appellants should not be estopped, as against appellee, to assert their claim for a lien based upon their contract with Miller, dated April 12, 1893, to do the finishing of the third story of the building in question for $1,600.

First. If there was any obligation upon appellants to advise the appellee, at the time they presented the last five certificates issued on their first contract, of the existence of their later contract with Miller for the finishing of the third story of the building in question, it must have arisen either from the fact that appellants had some contractual relation with appellee, which laid upon them such obligation, or from the fact that appellants had knowledge of facts from which they might have foreseen that injury would result to the appellee by reason of their presenting the architect's certificates issued on appellants' contract for $8,000, without ad-

vising appellee of the existence of their subsequent contract for $1,600.

A declaration, to constitute an estoppel, must be one, the injurious influence of which might and ought to have been foreseen. Knoebel v. Kircher, 33 Ill. 308.

Second. The appellee was not induced by the action of the appellants in presenting to appellee the last five certificates issued on the appellants' contract for $8,000 without advising appellee of the existence of their later contract for $1,600, to take any action which resulted in substantial prejudice to it.

If the person claiming the estoppel was legally bound to do what he did, there is no estoppel in his favor. A. & E. Ency. of Law, Vol. 7, page 18, note 1.

STERN, OSBORNE & LOUER, attorneys for appellee.

It is contended that the appellants were estopped from asserting a prior lien.

The law upon this matter seems to be very clear. Herman in his work on "Estoppel" page 995, says:

"In those States where an implied lien of a vendor is regarded as an existing right to priority of payment out of the land thus incumbered, if a vendor who holds a lien for the payment of the purchase money, by affirmative acts and declarations induces the belief on the part of the subsequent purchaser, prior to his purchase, that he renounces or abandons his lien, it is a waiver thereof, and the vendor can not thereafter enforce it to the prejudice of such purchaser." McLaurie v. Thomas, 39 Ill. 291; Atkins v. Lindsey, 39 Ind. 296; Burns v. Taylor, 23 Ala. 255.

In order to create such a waiver as to estop a party from setting up or claiming a lien there must be an intention implying either an actual determination of the lien holder to surrender the right, or such acts on his part that the public may reasonably suppose he did waive his security of lien, in which case he will be estopped from afterward asserting it. Scott v. Orbeson, 21 Ark. 202; Chapman v. Hamilton, 19 Ala. 121.

662    APPELLATE COURTS OF ILLINOIS.

VOL. 58.]    Trevette v. Commercial Loan and Bldg. Ass'n.

Any conduct in the vendor that makes it unfair, unjust or inequitable for him to enforce his implied lien will discharge it. Clower v. Rawlings, 17 Miss. 122; Lynch v. Dearth, 2 Pa. St. 101; Atkinson v. Lindsay, 39 Ind. 296; Brown v. Bowen, 30 N. Y. 520; Wendell v. Van Rensslaer, 1 J. C. R. 344; Town v. Needham, 3 Paige 545; Storr v. Barker, 6 J. C. R. 166; Thompson v. Blanchard, 4 N. Y. 303; The Continental Nat'l Bank v. The Nat'l Bank of the Commonwealth, 50 N. Y. 575; Hefner v. Vandolah, 57 Ill. 520; Hill v. Blackwelder, 113 Ill. 283; Shall v. Biscoe et al., 18 Ark. 142; Wetmore v. Royal et al., 55 Minn. 162.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We are of the opinion that as to the said premises as they would have been had not the additional improvements in the third story, made under the contract of April 12, 1893, and the extra work, been done, appellants are by their conduct estopped from claiming a lien superior to that of appellee, from whom they received $8,000, under the representations in the certificates presented by them.

Upon the additional value imparted to the premises by the work done by appellants in the third story, and the extra work, for which they claim a lien of $1,738, they are entitled to a first lien.

While not approving of the conduct of appellants in failing, in presenting their certificates, to disclose to appellee the additional contract for work in the third story which they then had, and the extra work, yet as such work was not contemplated by the contract known to appellee upon which it paid the $8,000, we do not think that appellant should be deprived of a lien upon the additional value thus imparted. Their conduct was that of suppression, not of a positive direct statement that they had no contract other than that upon which they were paid in full; and it is not clear that by such suppression appellee has suffered any loss.

Upon the value of the premises without the improvements done under the contract for the third story, and without

the extra work, for which appellants claim a lien of $1,738, appellee has a first lien and appellants a second lien.

Upon the additional value added to the premises by said work done under the said contract for the third story, and the extra work, appellants have a first lien and appellee a second lien.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Appellants and appellee will each pay the costs by them respectively made in this court; neither will recover costs against the other.

Reversed and remanded with directions.